UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

SHY HEATH                                                                                              PLAINTIFF

v.                                                                              CIVIL ACTION NO. 3:14-CV-255-H

MICHELLE KLEIN et al.                                                                          DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff, Shy Heath, filed a *pro se*, *in forma pauperis* complaint alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

**I. SUMMARY OF CLAIMS**

Plaintiff sues the following Louisville Metro police detectives: Michelle Klein, David Haight, Darrin Balthrop, Ed Louden, and Carl Payne. The statement-of-the-claim(s) portion of his complaint states *in toto*:

> The Defendants violated the following civil rights complaint Title 42 U.S.C. 1983. On July 26, 2006 [Defendants] violated Plaintiff constitutional rights under (5) claims of invasion of privacy Fourth Amendment violation (6) claims of false arrest and false imprisonment Fourth Amendment violation (7) claims of excessive and unreasonable use of force Fourth Amendment violation.

As relief, he asks for monetary and punitive damages.

**II. ANALYSIS**

This Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which

relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Section 1983 does not contain its own statute of limitations period, but it is well settled that constitutional claims asserted under § 1983 are governed by the state personal injury statute of limitations. *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) (citing *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)); *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990)). Personal injury actions in Kentucky "shall be commenced within one (1) year after the cause of action accrued." Ky. Rev. Stat. § 413.140(1).

Though the applicable statute of limitations is determined by state law, the "date on

2

which the statute of limitations begins to run in a § 1983 action is a question of federal law." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (2007) (citing *Kuhnle Bros., Inc. v. Cnty. of Geauga*, 103 F.3d 516, 519 (6th Cir. 1997)). "[I]t is the standard rule that accrual occurs when the plaintiff has a complete and present cause of action . . . that is, when the plaintiff can file suit and obtain relief." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (citing *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997) (internal quotation marks and citations omitted)).

The Court finds that the one-year statute of limitations on all of Plaintiff's claims began to run on July 26, 2006. *See Harper v. Jackson*, 293 F. App'x 389, 391 n.1 (6th Cir. 2008) (noting statute of limitations on illegal search and seizure claim begins to run on the date of the search and seizure); *Fox v. Desoto*, 489 F.3d at 233 (holding claims for false arrest, excessive force, and false imprisonment under Section 1983 accrue at the time of the arrest or no later than the first judicial proceeding subsequent to arrest). However, Plaintiff did not file his complaint until March 17, 2014, well outside of the one-year period.

Although the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the complaint. *Fields v. Campbell*, 39 F. App'x 221, 223 (6th Cir. 2002) (citing *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988)). Consequently, by separate Order, the complaint will be dismissed as frivolous. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).

## III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss Plaintiff's claims.

Date:

cc: Plaintiff, *pro se*
4412.009